The Chief Justice delivered the opinion of the court.
Reed sued Rocap,
in an action of debt, in the court for the trial of small causes. Eocap filed an account by way of *432 offset — -and after a trial by jury, judgment was rendered by the justice in favor of Rocap for $10.76 of debt and costs. Reed appealed; and judgment in the Court of Common Pleas was given for Rocap for $16.36 debt and costs.
1st. When the hearing of the appeal came on, Reed moved *348] the *Court of Common Pleas that the judgment of the justice should be reversed, and that judgment of non-suit should be entered against him. ' The court overruled the application and ordered the trial to proceed; and herein is the first reason assigned for the reversal of the judgment of that court.
A question might perhaps be raised, without entering into the merits, whether the court did not rightly overrule the motion. A motion to render judgment of non-suit against a party actually present in court, and even himself making the motion, is, to say the least, somewhat novel. If he intended to put the matter fairly to the test, should he not have withdrawn from the court? If it be said he could not safely withdraw, as he had by his appeal bond bound himself to appear and prosecute the appeal, does not this furnish an argument against the propriety of the procedure ? It is not, however, necessary to enter further into this matter, as it may be expedient to use the present opportunity to examine and decide the principal question. Nor is it necessary for us to consider an.-affidavit read by Read, on making the motion for non-suit. The affidavit may shew that he had sound reasons for wishing success in the motion, and that it was not made for vexation or delay. But it cannot strengthen his legal grounds, nor in any wise change the real question, which is, whether a plaintiff below against whom a judgment, in consequence of an offset, has been rendered, becoming appellant, may legally require the court to give judgment of non-suit against him, the consequence of which is, that by his own will, and at his own choice, and without shewing it unfounded or illegal, he avoids the judgment which has been obtained by the defendant below.
*433 It is obvious that we can find no precedent to guide us in the decision of this question in the proceedings at common law.
It is equally certain that our statute furnishes no explicit rule.
We must therefore have recourse to principle, and to such lights as the provisions contained in the statute may afford, to disclose the design and intention of the legislature.
A party who, as plaintiff, has instituted a suit, may during a certain period of its progress, voluntarily withdraw, cease to follow it, and submit to have judgment entered that he doth not further prosecute, which, however, is always rendered, not at his instance, but that of his adversary. The principle on which this permission to withdraw is founded, is that the procedure on the part of the *plaintiff is [*349 his own, instituted for his own benefit; that in abandoning it he affects or abridges the right of no other person; and as ho must pay costs to his adversary, he is thereby deemed, in legal contemplation to make him indemnity for calling him into court; so long then as he can exercise control over the proceedings without interfering with the established rights of another, he is permitted to do so* But whenever such proceedings have occurred, or the suit has so far advanced that any right of the adverse party has been legally established, or may be abridged by a relinquishment of further proceedings, the power of the plaintiff has ceased.
Thus, for example, during all the stages of the suit, antecedent to the trial, the plaintiff may, at his pleasure, cease to prosecute. So even on the trial, when the jury are ready to pronounce their verdict, he may withdraw. But the verdict being rendered against him, his control is at an end. If he even obtain a rule to shew cause why a new trial should not be granted, he cannot, at his will or by his choice, arrest the further progress of the defendant. Take for illustration the example of a verdict or judgment actu *434 ally rendered in favor of a plaintiff, but for a less sum than he believes himself entitled to recover. By a rule to shew cause, or by writ of error, he may seek relief. He may indeed in both cases voluntarily abandon his suit; but h cannot, in either, obtain what is technically called a non-suit, or in any wise at his own will entitle himself to prosecute his claim in another action as an open and undecided matter. These principles apply with equal force to the case under our consideration. By the verdict and judgment in the court for the trial of small causes, the original defendant has acquired a right, of which, if the plaintiff should be allowed at his mere pleasure to deprive him, the law would be not only inconsistent with itself but unjust and impolitic. By the verdict and judgment the situation of the parties have undergone an essential change. The plaintiff below would doubtless on the appeal be entitled first to exhibit .the evidence of his claim; but to a certain extent both parties are actors, and the original plaintiff could not cause at his pleasure the judgment below to be reversed and all further proceedings to cease, without abridging the-rights of the other party. If such power be allowed to the-plaintiff it would be far better that he should at once, before *350] the justice, annul *the judgment, without the useless expense and idle ceremony of the appeal. .
An obscurity in the examination of this subject has arisen from the omission to fix and bear in mind the precise-time when the judgment of the justice ceases to exist. Its existence does not cease when the appeal is granted, nor when entered in the Court of Common Pleas, nor when the hearing of the cause in that court has ’commenced. It-ceases .only when it is by an act of that court destroyed. It remains until reversed. If the appellant does not appear and prosecute, the appeal is dismissed, the judgment stands. If he does appear and the hearing comes on, the court having heard “ the documents, proofs and witnesses,” shall, if they’find the judgment of the justice correct, affirm it;. *435 if incorrect, they shall first reverse it and then give such judgment as the law and fact of the case require; or if the judgment has been rendered for the plaintiff below, and the defendant having appealed, appears, but the plaintiff, then appellee, refuses to appear, or to produce, when the onus probandi is on him, evidence to support his demand, the court are in like manner first to reverse the judgment below, and then to render such judgment, of non-suit or otherwise, as the occasion requires. In all cases, however, the judgment remains, and the Court of Common Pleas will not and ought not to reverse it until its illegality has been either directly or virtually acknowledged by the party in whose favor it has been rendered, or until such illegality has been ascertained by the court upon an examination of the merits.
An appeal from the chancellor to the Court of Appeals presents some points analogous to the case before us. The decree appealed from remains in force, its execution only suspended, until disposed of in the Superior Court. On the hearing of the appeal the decree is either affirmed, or is first reversed, and then a new and proper decree made. During the progress of the suit in chancery the complainant would be permitted by the Chancellor to withdraw his complaint antecedent to the establishment of any right in favor of the defendant. But if, after an hearing before the Chancellor on the merits, a decree is rendered for the defendant, or, in other words, the complainant’s bill is dismissed, and an appeal is then made by the complainant, the Court of Appeals would not sustain an application in the nature of a motion for non-suit, nor permit the *complainant to [*351 escape from the decree without first evincing its departure from the principles of equity.
Our statute, as already remarked, contains no express provision for the present case. Certain parts however have a strong bearing upon it. By the condition of the appeal bond the appellant is bound to appear and prosecute the *436 appeal in the Court of Common Pleas. Yet by the procedure now sought to be established, he may, contrary to his obligation, decline to appear and cease to prosecute. He is further bound to stand to and abide the judgment of that court. Does he abide that judgment by withdrawing from it ? Further. To entitle himself to appeal after a verdict, the appellant must make oath that he believes he has a just and legal defence to make upon the merits of the case. Does not this requisition clearly shew that the purpose of the appeal is to give him an opportunity to be again heard upon the merits of the case, before another tribunal. Why compel him to declare' that he has a defence on the merits, if he need not exhibit such defence or bring into view those merits upon the appeal ?
On the whole I am fully satisfied the Court of Common Pleas were right in overruling the motion for non-suit.
The application by the appellant to dismiss the appeal after the parties had been fully heard, and when the court was about to pronounce judgment, was also properly rejected. It came too late. Had this application been made in place of the motion for non-suit, it would, it may be presumed, have then prevailed. The appellant might then have been entitled to success in the motion, submitting to the consequences.
The second reason for reversal is that the account filed by the defendant is not sufficient in respect to the charge contained in these words : “ May 23, 1823. To a note of hand I gave plaintiff to collect, against one Ivy Corson, for the sum of twelve dollars, which this plaintiff recovered before Nathaniel Foster, justice, September 3d, 1823, which has not been accounted for, $12.00.” The substance of the charge is here expressed in a manner plain, intelligible, and not by any means liable to misapprehension. It is objected that the date of the note is not stated. If the time given, May 23d, 1823, is not, as may be presumed, the date of the note, but the time when it was delivered to Reed for collec *437 tion, and as Eocap had not the note in his possession, he may have been unable to set forth the true date, other circumstances served *sufficiently to! identify it. He [*352 states that a suit had been brought on it, and names the justice and the time. This charge, although not very formal, is clearly sufficient according to the principles repeatedly recognized by this court in respect to the state of demand.
3d. Another reason assigned for reversal is that illegal evidence was admitted.
1st. The proof of the admission made by Eocap on the trial before the justice, that he had received the amount of Corson’s note. The admission of a party is evidence for his adversary, and not the less so because made in the progress of a trial before a court and jury. Eocap then had a right to use such admission in his favor before the justice, and equally so upon the appeal. The proof of this admission on the trial of the appeal was made by one of the wntnesses examined in the court below. The mode of proof then was unobjectionable, as the justice was not required to record such matters in his docket. “The same and no other proofs and witnesses were produced and examined ” in the one court as in the other.
2d. Evidence was, it is said, improperly admitted to prove wdiat had been testified before the justice by one Carral, a witness, who ought himself to have been called. This objection is not supported by the state of the case in point of fact. Branson, a witness examined in the Court of Common Pleas, testified, among other things, that Carral had been sworn before the justice to prove a particular matter, “but I can’t,” said Branson, “ tell what he swore to.”
The reasons assigned for reversal are insufficient.
Let the judgment be affirmed.